**TILGHMAN v. HUNTER.**
No. 3602.

Circuit Court of Appeals, Tenth Circuit.
April 20, 1948.

Clarence L. Bartholic, of Denver, Colo., for appellant.

Randolph Carpenter, U. S. Atty. and Eugene W. Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

W. W. Tilghman, hereinafter referred to as petitioner, was indicted in the United States Court for Northern Texas. The indictment contained two counts. The first count charged that on or about January 10, 1943, petitioner unlawfully, knowingly, wilfully, and feloniously transported and caused to be transported a woman from Oklahoma City, Oklahoma, to Dallas, Texas, for immoral purposes. And the second count charged a like offense, committed on or about February 19, 1944. Petitioner was acquitted on the first count and convicted on the second. The court sentenced him to imprisonment for a period of five years; the judgment was affirmed, 5 Cir., 146 F.2d 644; and certiorari was denied, 324 U.S. 870, 65 S.Ct. 1014, 89 L.Ed. 1424. Having commenced service of the sentence in the federal penitentiary at Leavenworth, Kansas, petitioner instituted this proceeding in habeas corpus seeking to effect his discharge from further confinement. The warden responded; petitioner was produced

in open court; a hearing was had; the petition for the writ was denied; and petitioner appealed.

The judgment in the criminal case is attacked on the ground that the indictment was vague, indefinite, uncertain and duplicitous; and that it undertook to charge two separate offenses in each count, transporting the woman and causing her to be transported in interstate commerce for immoral purposes. But where an indictment in a United States court undertakes to charge an offense under federal law, and the court has jurisdiction of the subject matter of the offense and of the person of the accused, defects or irregularities of that kind in the indictment are not open to review in a habeas corpus proceeding after conviction and sentence. Moses v. Hudspeth, 10 Cir., 129 F.2d 279, certiorari denied, 317 U.S. 665, 63 S.Ct. 73, 87 L.Ed. 534.

The further contention is that the judgment in the criminal case was void for the reason that perjured testimony was knowingly used in bringing about the return of the indictment and in the trial of the case. The conviction of an accused person in a United States court brought about through the knowing and intentional use of perjured testimony violates due process and may be raised in habeas corpus. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Wagner v. Hunter, 10 Cir., 161 F.2d 601, certiorari denied, 332 U.S. 776, 68 S.Ct. 39. But the mere introduction of perjured testimony in the trial of a criminal case is not enough to void the judgment. It is the knowing, wilful, and intentional use of perjured testimony that violates due process. Wagner v. Hunter, supra.

The burden rested upon petitioner to show affirmatively that perjured testimony was knowingly, wilfully, and intentionally used against him in the criminal case. He did not discharge the burden. He failed to offer any evidence tending to show what evidence was adduced before the grand jury which brought about the return of the indictment. And viewed in the light most favorable to him, the evidence introduced merely tended to show that some of the evidence used against him in the trial of the criminal case was inaccurate, untrue, or false. It fell far short of showing affirmatively that perjured testimony was knowingly, wilfully, and intentionally used against him.

The judgment denying the petition for the writ is affirmed.