**Marion TAYLOR, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14870.**

United States Court of Appeals Ninth Circuit.

Nov. 21, 1956.

Rehearing Denied Dec. 31, 1956.

Richard Stanley, Marion L. Taylor, in pro. per.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before POPE, CHAMBERS and HAMLEY, Circuit Judges.

POPE, Circuit Judge.

Taylor was charged with the sale of a narcotic drug in violation of the Harrison Narcotic Act, 26 U.S.C.A. (I.R.C. 1939) §§ 2553 and 2557. He was tried upon his plea of not guilty, found guilty by a jury, and sentenced to a term of five years by judgment of the court below. Subsequently he filed in the same court a motion to vacate his sentence under § 2255, Title 28 U.S.C.A. This motion was denied by the Judge before whom he had originally been tried. His attempt to obtain permission to appeal in forma pauperis was denied after the district court had certified that the appeal was not taken in good faith. Taylor v. United States, 9 Cir., 221 F.2d 228. Thereafter Taylor filed in the same court a second motion to vacate under § 2255 and this appeal now refers to the order denying that second motion.

■■■■ Taylor has filed in the present proceeding a motion for an order requiring that a stenographic transcript of the trial at which he was originally convicted be furnished at the expense of the United States. § 1915(b), Title 28, provides that in certain cases the expense of furnishing a stenographic transcript may be directed to be paid by the United States. Obviously this refers to a stenographic transcript of the proceedings had at the trial of the case which the court of appeals is presently reviewing. As the order from which this appeal is taken was entered by the trial court solely upon the basis of the allegations contained in the motion and without the hearing of any testimony in support thereof, it is plain that there is no stenographic transcript which would properly be supplied in connection with the review which we are now called upon to perform. The motion to furnish the transcript at the expense of the United States is denied.

■■ Appellee has furnished us with a brief which is devoted solely to the argument that since this is the second petition filed by petitioner under § 2255 we should affirm the denial thereof on the ground that that section provides that "the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." We think that the position taken by appellee is of no aid here. If it be granted that under this paragraph of § 2255 the right to refuse to entertain a second motion was a matter within the sound discretion of the district court,[1] yet that discretion was not exercised here for the court did entertain and consider the motion, and after considering the same, denied it. We are therefore required to consider upon this appeal the question whether the motion was properly denied without a hearing.[2]

Appellant's motion covering 45 closely typewritten pages, is for the most part devoted to a lengthy discussion of matters which are wholly irrelevant to a motion of this kind and which have no material bearing upon any issue prop-

---

1. Hallowell v. United States, 5 Cir., 197 F.2d 926, 928.

2. Section 2255 provides: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." See United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 232.

erly presented under § 2255. Interspersed with a few allegations of fact are lengthy discussions of various legal principles relating to unreasonable searches and seizures; arrests without warrants; the requirements of legal search warrants; the rule of the McNabb case (McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819), etc. But the motion does not disclose that any evidence obtained by an unlawful search or through an unlawful arrest was used against Taylor at his trial, and there is no allegation that any confession made by him whether before or after arraignment was ever used and hence it is apparent that none of the matters thus so extensively discussed in this long motion can have any bearing upon the questions now before us.

Another large portion of the motion is devoted to an extended argument as to why the testimony given at the appellant's trial was insufficient to warrant his conviction.

The motion, however, contains allegations designed to show that Taylor was in two respects denied his constitutional rights. One claim is that the Government knowingly used perjured testimony to procure his conviction; the other is that he was denied the effective assistance of counsel at his trial.

With respect to the first of these claims the allegations of the motion may be summarized as follows: He alleges that two of the witnesses who testified against him before the jury were a federal agent Perry and a Miss Grey. Miss Grey was a narcotics addict who was being used by agent Perry as an informer and to aid in procuring evidence against Taylor. Agent Perry, it is alleged, was the first witness for the Government. He testified that he drove Miss Grey to an apartment building in order to have her attempt to purchase narcotics from one Stanley who was a co-defendant in the case and who resided in the apartment building. Perry testified, according to the allegations, that Miss Grey entered the building and after five minutes returned to Perry's car informing him that she had talked with Stanley about purchasing heroin but that Stanley had said he had nothing but cocaine for sale. Perry then gave Miss Grey $30 to purchase the cocaine. She left the car and reentered the building; that shortly after she entered the hallway or entrance to the building a man later identified as Taylor came out of the door of the building and this man did not again return to the building in the 20 minutes during which Miss Grey remained therein. Miss Grey, witness No. 2, testified that when she first went into the Stanley apartment, she talked to Stanley about heroin and got the information she could buy cocaine. She then returned to Perry's car, received the $30 to make the purchase and returned to the Stanley apartment and there found Taylor with Stanley and two women. She was there introduced to Taylor and bought the $30 worth of cocaine from Taylor in the apartment; that she remained in the apartment until after Taylor and his lady friend had left the apartment and she left two or three minutes after they were gone. The other woman, a Miss Fisher, also testified for the Government that the sale to Miss Grey took place in this apartment. The motion then alleges: "The petitioner contends and asserts that the Federal Agent, Mr. Perry, who assisted the United States Attorney throughout the trial, knew that the testimony given by both of the witnesses for the government, Miss Grey, and Miss Fisher, was perjured testimony, and made no move or effort to divulge this pertinent knowledge to the jury and the court, but instead willfully conspired with the United States Attorney to, and they did, willfully, intentionally, knowingly, maliciously and erroneously use this known perjured testimony to, obtain a verdict and judgment against the petitioner."

What appellant has here alleged is that because Agent Perry testified that when Miss Grey entered the apartment house with the $30 which he had given her she must have passed Taylor

in the foyer of the apartment building and before she could have reached the Stanley apartment, Perry knew that her story about purchasing the cocaine from Taylor must have been false; that the United States Attorney must have known the same thing, and yet the Government allowed this false testimony to be given by Miss Grey. The general allegation that the Government knowingly used perjured testimony must be understood in the light of this allegation of the particulars which the appellant says disclosed that Miss Grey's testimony must have been false. If we accept the allegations as being true, as we are required to do, we think that they fall short of disclosing any such denial of constitutional right as would support this collateral attack upon the judgment of conviction.

We know judicially that the use of informer-addicts as witnesses in the prosecution of narcotics cases is common and often necessary. The motion shows that the jury which heard the evidence in this case knew that Miss Grey was an addict and a paid informer, and there was obviously no effort to conceal from the jury the fact that she may well have had the qualities of unreliability commonly characteristic of such witnesses. According to the allegations of this motion there was no attempt on the part of Agent Perry to conceal from the jury the alleged impossibility of Miss Grey's story of purchasing the cocaine in the apartment for it was the agent who testified that Miss Grey must have passed Taylor in the foyer. Since Miss Grey went in with $30 and came back with the cocaine, whether she paid the money and got the cocaine in the foyer from Taylor who had been waiting for her there, or whether she bought it when she said she did in Stanley's apartment, was a matter for the jury to decide as was also the question whether her plainly dis-

closed unreliability required them to reject her story altogether.

It is the appellant's view that when the prosecutor observed this discrepancy between the testimony of the Government agent and the testimony of the informer, he should have dismissed the case. Under the circumstances here disclosed, we think he was not required to do so and that the motion shows no misconduct on the prosecutor's part, much less any conduct which would amount to a denial of the appellant's constitutional rights.[2]

The second respect in which Taylor claims he was denied constitutional rights was that he did not have the effective assistance of counsel. The motion shows that he was represented by counsel of his own choosing whom he had employed, and states that this attorney was not effectively or adequately prepared to defend him. He complains that the attorney did not consult with him sufficiently; and that the attorney "did willfully, knowingly and intentionally throw his case". The same counsel, it is alleged, also represented the codefendant Stanley, but the motion shows that this representation of both defendants was with Taylor's knowledge and consent. Cf. United States v. Hayman, supra; Hayman v. United States, 9 Cir., 205 F.2d 891, 895.

It is apparent that where a client is represented by counsel of his own choosing general allegations of the character here found are insufficient to show a denial of due process or a denial of the right to counsel called for by the Sixth Amendment. In such a case, a mere allegation, after the trial, that mistakes and errors were made by counsel, or that counsel was incompetent and did not try, is not enough. "Nor will allegations of incompetence or inefficiency on

---

2. Similarly the motion alleges that the testimony of the other woman witness to the effect that the cocaine was sold in Stanley's apartment must have been known to be false as the testimony of Miss Grey was known to be false. What we have to say here applies equally to the use of the testimony of both these women as witnesses. The motion alleges that Miss Fisher was likewise a known narcotics addict and a person of ill repute.

**414**

the part of his counsel ordinarily suffice, unless counsel's purported representation 'was such as to make the trial a farce and a mockery of justice' ". United States v. Pisciotta, 2 Cir., 199 F.2d 603, 607; to the same effect are Palakiko v. Harper, 9 Cir., 209 F.2d 75, 83; Adams v. United States, 95 U.S.App.D.C. 354, 222 F.2d 45, 47; Morton v. Welsh, 4 Cir., 162 F.2d 840, 842; United States ex rel. Darcy v. Handy, 3 Cir., 203 F.2d 407, 426.

We are therefore compelled to agree with the determination of the trial court that the allegations of appellant's motion are insufficient to disclose any grounds for vacating the judgment or sentence previously imposed upon him.

The order denying the motion is affirmed.