Aaron Walter **BURGETT**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15874.

United States Court of Appeals
Eighth Circuit.

April 11, 1958.

Aaron Walter Burgett submitted brief pro se.

Harry Richards, U. S. Atty., and Robert C. Tucker, Asst. U. S. Atty., St. Louis, Mo., submitted brief for appellee, the United States.

Before GARDNER, Chief Judge, and JOHNSEN and VAN OOSTERHOUT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by Aaron Walter Burgett, hereinafter called appellant, from order denying his motion in the nature of a writ of error coram nobis filed June 18, 1957. Appellant has filed two previous motions attacking the legality of the sentence imposed on his plea of guilty to the crime of aggravated assault, in violation of 18 U.S.C.A. § 2114. The prior history of this case is set out in considerable detail in our opinion affirming the denial of appellant's second motion. Burgett v. United States, 8 Cir., 237 F.2d 247. We there held that appellant had voluntarily, advisedly, intentionally, and understandingly entered a plea of guilty to the offense charged; that he had been represented by competent counsel; that he had been properly sentenced; and that the records of the District Court conclusively showed that he had not been denied any federal right.

In the motion involved in the present appeal, appellant asserts that he is now serving at Alcatraz Penitentiary the 25-year sentence imposed upon him, and that the judgment and sentence should be vacated "for the reason that it was imposed in violation of the movant's right to be afforded due process of law for the reason that: The United States Attorney handling the prosecution for the Government inadvertently or otherwise misinformed the Court as to the law applicable under Title 18 U.S.C.A. Section 2114 which denied the movant

consideration under Title 18 U.S.C.A. Section 365 [3651]."

The court in denying the motion stated:

" * * * The Court also reviews the file and court orders and judgment herein and finds that the information, proceedings thereafter, sentence and judgment thereon are all in due form and that punishment was fixed, allocution pronounced and judgment and sentence entered in the manner required by law and within the limits prescribed by the statutes and laws of the United States.

"The Court finds that movant has failed to state any matter in his Motion that would afford him relief."

Appellant asserts that the trial court had jurisdiction to entertain the motion, as a writ of error coram nobis is authorized in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, and under 28 U.S.C.A. § 2255. The trial court assumed jurisdiction and passed upon the motion upon its merits. For the purpose of appeal we assume that jurisdiction exists.

Appellant's contention appears to be that the Assistant United States Attorney misled the court, and induced the court to believe that it had no right to grant appellant probation under 18 U.S.C.A. § 3651. This contention is based entirely upon the following colloquy between the court and Mr. Freer, the Assistant United States Attorney:

"The Court: Case No. 27167— is there only one punishment provided in the statute?

"Mr. Freer: That is correct.

"The Court: No more, no less?

"Mr. Freer: No more, no less."

The statute referred to in the discussion is 18 U.S.C.A. § 2114. Appellant pleaded guilty to the charge of aggravated assault under such statute. The statute imposes a penalty of 25 years for such offense.

We are unable to find anything in the quoted conversation which would warrant a finding that the Assistant United States Attorney was advising the court that the court had no power to grant probation. It would appear that he was merely answering the court's question as to the penalty imposed by the statute.

Appellant relies upon United States v. Donovan, 2 Cir., 242 F.2d 61. The facts in that case are readily distinguishable from those in our present case. The court of appeals decision in the Donovan case shows that the trial court held that a 25-year sentence for aggravated assault was mandatory under 18 U.S.C.A. § 2114, and that the Probation Act was inapplicable. The court of appeals held that probation was applicable and remanded the case for resentence, leaving it to the discretion of the trial court whether probation should be granted.

In our present case, Judge Hulen, at the time he imposed sentence on May 29, 1952, had been a federal judge for over eight years. It is inconceivable that during such a lengthy period of service he would not have become entirely familiar with the Federal Probation Act. There is nothing in the present record to indicate that the judge was unaware of the probation statutes, or that he adopted the view that he had no legal right to consider or grant probation in this case.

Moreover, the record discloses no request for, or discussion of, probation. The charge to which appellant pleaded guilty was a serious one. Appellant was afforded an opportunity to show any mitigating circumstances. The record at the time of sentence shows the following:

"The Court: As to the defendant Aaron Burgett, you heard the statement made by the district attorney regarding this offense. Is that statement true?

"Defendant Burgett: Yes, sir.

"The Court: Any explanations you want to make of the district attorney's statement?

 

"Defendant Burgett: No, sir."

Appellant and his counsel had ample opportunity to advise the court of any facts or circumstances which they felt might warrant probation. The court committed no error in determining as a matter of law that the record conclusively shows that the appellant was entitled to no relief under his motion.

Affirmed.