## MITCHELL v. UNITED STATES.

No. 448, Misc.   Decided January 22, 1962.

*John Bodner, Jr.* for petitioner.

*Solicitor General Cox, Assistant Attorney General Miller* and *Beatrice Rosenberg* for the United States.

PER CURIAM.

The motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari, which presents the question whether materially false testimony was used against petitioner at the trial, are granted, the judgment of the Court of Appeals is vacated, and the case is remanded to the District Court for a hearing upon petitioner's motion, treated as a motion for a new trial on the

ground of newly discovered evidence. Cf. *Mesarosh* v. *United States,* 352 U. S. 1. We, of course, intimate no view upon the merits of the motion.

MR. JUSTICE CLARK, with whom MR. JUSTICE HARLAN and MR. JUSTICE STEWART join, dissenting.

The Court *sua sponte* summarily vacates this judgment affirming the denial of a § 2255 application and remands the matter for a hearing, treating the case as one involving a motion for a new trial on the ground of newly discovered evidence. I characterize the application below, titled a "Motion for Reversal of Verdict and Dismissal of Sentence," as one under 28 U. S. C. § 2255 not only because of its wording but also because the petitioner, the Government, the trial court, and the Court of Appeals (including the dissenting judge) so styled it. Although petitioner in the alternative contends that the wording of this application could serve as "notice of appeal," he never suggests it should be treated as a motion for a new trial. If petitioner had intended the application in question to serve as a motion for a new trial, he would have so labeled it as he did the motion filed four days after the verdict. The Court, despite this treatment by all the parties and judges below, tags the application as a motion for a new trial on the ground of newly discovered evidence in order to escape the limitations of § 2255. I cannot give this pleading such a twist, but even if I could I would have to find the allegations insufficient to meet the requirements of Rule 33, which governs motions for new trials.

The newly discovered evidence consists of an affidavit by Police Captain Brown which merely corroborates the testimony of petitioner and another witness. It appears that during the investigation of the robbery in question the petitioner and one Adcock were placed in a police line-up supervised by Police Captain Brown. From this

line-up Ellis, one of the victims, identified Adcock as the robber. On trial Ellis testified that his identification was not positive and that he only picked Adcock as one who resembled the robber. Both Adcock and petitioner, however, testified that Ellis had positively identified Adcock in the line-up. There is no contention or showing that the Government knew that Ellis' testimony was false. Brown's affidavit was obtained while the case was pending in the Court of Appeals.

The affidavit, of course, was not newly discovered evidence. Both Adcock and the petitioner were in the line-up, and both knew that Police Captain Brown was likewise present and saw and heard Ellis' identification. In such a situation petitioner's motion for a new trial would be untimely because Rule 33, Fed. Rules Crim. Proc., permits such a motion to be made more than five days after a verdict of guilty *only* in the case of newly discovered evidence. However, even if the facts in the affidavit were newly discovered, it would still not be sufficient under Rule 33. As was said in *Mesarosh* v. *United States*, 352 U. S. 1, 9, "new evidence which is 'merely cumulative or impeaching' is not, according to the often-repeated statement of the courts, an adequate basis for the grant of a new trial. [Citing cases.]"

On the other hand, if the Court treats the application as one under § 2255, it is insufficient. Under that section the application would be a collateral attack on the conviction. In such a case it is essential for the moving party to establish not only that perjury existed but also that the prosecution used the testimony knowingly and wilfully to obtain a conviction. *E. g., Griffin* v. *United States*, 103 U. S. App. D. C. 317, 258 F. 2d 411 (1958); *Tilghman* v. *Hunter*, 167 F. 2d 661 (C. A. 10th Cir. 1948).

This long-standing limitation was not erased by *Mesarosh* v. *United States, supra,* which involved a direct attack on the conviction rather than a collateral attack.

I regret that the Court, in an effort to avoid the requirements of § 2255, treats an application thereunder as a motion for a new trial. In my view this is a new approach to § 2255 cases. It extends that section far beyond its intended scope and can only plague us in future cases. I therefore dissent.