Charles Woodrow BURNS, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 14082-1.

United States District Court
W. D. Missouri, W. D.

Nov. 13, 1962.

Charles Woodrow Burns, petitioner, pro se.

F. Russell Millin, U. S. Dist. Atty., Kansas City, Mo., William A. Kitchen, Asst. U. S. Dist. Atty., Kansas City, Mo., for respondent.

JOHN W. OLIVER, District Judge.

Petitioner, in a consolidated trial, was indicted, tried and convicted under the Federal Kidnapping Act, 18 United States Code § 1201, and the Mann Act, 18 United States Code § 2421, et seq.

He is presently serving the life sentence imposed in connection with the kidnapping charge.

A "petition for writ of error *coram nobis*" now pends before this Court. That petition represents petitioner's fifth post-conviction attack on his present sentence.[1]

This Court's denial on May 12, 1955 of petitioner's fourth attack pursuant to Section 2255, Title 28 U.S.C. was affirmed by the Court of Appeals and is reported as Burns v. United States, 8 Cir., 1956, 229 F.2d 87, 89.

In connection with the 1955 attack, both the memorandum and opinion of the District Court and the opinion of the Court of Appeals show that although neither court was required by law to consider petitioner's 1955 motion on the merits, both did so.[2]

We note at the outset that petitioner's contention that the indictment is fatally defective in that it failed to allege that the kidnapping victim was "held", and his reliance upon Chatwin v. United States, 326 U.S. 455, 66 S.Ct. 233, 90 L.Ed. 198 (1946), was raised in all of petitioner's prior motions. Every court that has considered that question has held that petitioner's contention is untenable. Apart from the Court of Appeals express holding in this case that "the indictment * * * is not vulnerable to attack in a collateral proceeding" (page 90 of 229 F.2d), we find and determine on the merits that the indictment is not fatally defective under the rule of decision announced in Gooch v. United States, 297 U.S. 124, 56 S.Ct. 395, 80 L.Ed. 522 (1936), approved in Chatwin v. United States, 326 U.S. 455, 459, 66 S.Ct. 233, 90 L.Ed. 198 (1946), and applied in Poindexter v. United States, (8th Cir.1943) 139 F.2d 158, Sanford v. United States, (8th Cir.1948) 169 F.2d 71, Hess v. United States, (8th Cir.1958) 254 F.2d 578, and Wegman v. United States, (8th Cir.1959) 272 F.2d 31.

Petitioner alleges in his most recent motion that he was convicted on perjured testimony and attempts to support that conclusion by attaching an undated letter allegedly written by his victim.[3] Mitchell v. United States, 368 U.S. 439, 82 S.Ct. 462, 7 L.Ed.2d 429 (1962) is relied upon as authority to permit this Court to examine the alleged newly discovered evidence. In light of Rule 33 of the Federal Rules of Criminal Procedure, it is again difficult to see how this or any other court can now reach the merits of petitioner's newly discovered

---

1. Petitioner's motion for new trial was overruled December 30, 1952. His first Section 2255 (28 U.S.C.A. § 2255) filed May 27, 1953 was overruled by Judge Reeves on June 17, 1953. A "motion to vacate erroneous sentence or correct fraudulent trial proceedings pursuant to Section 729, Title 18, U.S.C.", filed August 22, 1953, was overruled by Judge Reeves on September 4, 1953. No appeals were taken from the first three orders denying petitioner relief.

2. The fifth paragraph of Section 2255 provides "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." As stated above, three earlier post-conviction motions had already been considered by Judge Reeves.

3. The letter reads as follows:
"Dear Uncle Woody:
"I'm sorry to hear what they done to you, they told me you was suppose to get 20-years, and I find out that they only used me, and most of that statement a'nt true, I didn't said half of what they said I did, I didn't first call police either Peggy Stover did, I just call the Hospital and told them I had an accident, and they told me to come back the next day, they try to make me said stuff that didn't happen at all, but I told the true, I didn't tell them that it happen in front of the place, Mom didn't want to appear but they call her twice to come to Court, but I will tell the truth like I did befor, they twist it around to where I couldn't understand it my-self. They went after Anna May a brought her to court against her own will, Daddy and Mom didn't want to go to Court at all, but they made them I will try to write to you again, I am going to write a statement that was not Kidnapped at all.
Helen Marie"

evidence point. That Rule provides that "a motion for new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment * * *". And the Supreme Court has held that Rule 33 means what it says. See United States v. Smith, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947), and United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960).

■ Mitchell is not applicable on the facts. In Mitchell the Supreme Court directed the District Court, under the facts of that case, to consider the pleading filed by that petitioner as a motion filed pursuant to Rule 33 rather than as a Section 2255 motion. It is clear from the Court of Appeals opinion in Mitchell v. United States, (1961) 110 U. S.App.D.C. 322, 293 F.2d 161, that the two year period had not expired. But even if it be assumed that the alleged newly discovered evidence could be considered at this late date, it is obvious that the proffered evidence does not meet the requirements of Mesarosh v. United States, 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956), (comparison of which was invited in Mitchell) for the reason that the alleged newly discovered evidence is "merely cumulative or impeaching".

Defendant freely admitted not once but four separate times that he had sexual intercourse with the 13-year old girl involved (see pages 284, 295, 298 and 306 of transcript of evidence of the trial). It is therefore apparent that even if the letter from the victim had been presented within the required two year period, it would not have supported a motion for new trial under the rule of Mesarosh.[4]

There remains for disposition the petitioner's contention that this Court has jurisdiction to entertain and adjudicate his petition for writ of error coram nobis under Title 28 U.S.C.A. § 1651(a), the all-writ section of the Judicial Act of 1789, as construed in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

It is important that the scope of United States v. Morgan be definitely established in order that confusion as to the scope of Section 2255 be avoided. In Morgan, the Supreme Court refused to sustain the Government's broad contention that "§ 2255 of Title 28, U.S.C. * * * should be construed to cover the entire field of remedies in the nature of coram nobis in federal courts."

Specifically, and quite narrowly, Morgan held that a District Court has power and jurisdiction, by issuance of a writ of error coram nobis, to vacate a judgment of conviction and sentence after the sentence had in fact been served. By necessary implication, Morgan held that Section 2255 did not confer jurisdiction to vacate, set aside or correct a sentence unless a particular petitioner was actually in custody under a particular sentence; more importantly, that the validity of a sentence already served, or the validity of a sentence to be served, could not be tested by a Section 2255 motion.[5]

4. It should also be noted that the victim testified as to the specific place in Kansas where the sexual intercourse occurred (Tr. 125). Three witnesses gave clear and conclusive corroborating testimony as to the victim's identification of that Kansas location the evening the events occurred (Tr. 163, 166, 168, 215, 216, 227 and 228). In addition, three other witnesses testified that defendant had admitted taking the victim from Missouri to Kansas and there having sexual intercourse with her (Tr. 238, 248, 258 and 262). Petitioner's admission of the names of streets and buildings located in Kansas was made to FBI agents completely unfamiliar with Kansas City, Missouri or Kansas City, Kansas (Tr. 263).

5. It should be noted that in United States v. Mayer, 235 U.S. 55, 68–69, 35 S.Ct. 16, 59 L.Ed. 129 (1914), the Supreme Court reserved decision on whether a District Court had power and jurisdiction to entertain proceedings in the nature of coram nobis, and that in United States v. Smith, 331 U.S. 469, 476, 67 S. Ct. 1330, 91 L.Ed. 1610 (1947), it stated that "it is difficult to conceive of a situation in a federal criminal case today

Whether Morgan resolved or created more uncertainty as to the choice of remedies available to a federal prisoner to test a federal sentence is not for us to say. We are constitutionally bound to follow that decision. But in following it, we believe we should avoid any decision that would tend to suggest that a proceeding in the nature of *coram nobis* may be substituted for the orderly procedures provided by Section 2255 or that the remedies are concurrent.

■ Of course, the concern that federal courts do full justice expressed in Morgan and in Darr v. Burford, 339 U. S. 200, 203–204, 70 S.Ct. 587, 94 L.Ed. 761 (1950), carries with it the further duty that federal courts avoid blurring established procedures with loose language that could but confuse and raise hopes of review by procedures not realistically available. The point of beginning is that the labels given a particular petition or motion by a federal inmate can not be said to be controlling. District Courts are under duty to entertain particular motions and petitions on the basis of whether the record makes plain a right to relief regardless of how the pleadings may be labeled or mislabeled. But the duty to disregard labels is a two-way street. The District Court can not avoid the duty to act because a petition is mislabeled; but neither may it attempt to exercise jurisdiction on the basis of a mislabeled petition.

Specifically, and as applied to this case, if petitioner's remedy is clearly pursuant to Section 2255, the mere fact that the petition is mislabeled as a "petition for writ of error coram nobis" does not create jurisdiction in this Court to entertain such a petition in *coram nobis* if that jurisdiction does not exist.

■■ Whether *coram nobis* jurisdiction does or does not exist depends on the answer to the question of how much of the field of collateral attack was preempted by Section 2255. We are convinced from its legislative history that Section 2255 was intended to substitute a new and exclusive remedy for practically all the ancient post-conviction remedies. And we are further convinced that if the record shows that Section 2255 jurisdiction is present, the attack must be made pursuant to that section and that no other remedy may be invoked. It is only when a federal sentence is attacked under factual circumstances that establish that jurisdiction under Section 2255 is *not* available that a petitioner has rights in the nature of the rights traditionally cognizable under the common law writ of *coram nobis*. Cf. Thomas v. United States, (D.C.Cir.1959) 271 F.2d 500, 504.[6]

■ Ever mindful of the Supreme Court's unanimous inability in United States v. Smith, supra, to conceive of future *coram nobis* factual situations, we nevertheless hold that Section 2255 has occupied the entire field of collateral attack excepting only that *coram nobis* is presently available to test the validity of sentences completely served, as ruled in Morgan, and to test the validity of sen-

---

where that remedy would be necessary or appropriate." Cf. the dissent in Morgan (346 U.S. at 513, 74 S.Ct. at 253) which complained that the decision of the majority in that case had the effect of "resurrecting the ancient writ of error *coram nobis* from the limbo to which it presumably had been relegated by Rule 60(b), F.R.Civ.P. and 28 U.S.C. § 2255, assuming that the writ has ever been available in the federal courts to review criminal proceedings." See also Professor Harvey's excellent article "28 U.S.C. 2255: From Habeas Corpus to Coram

Nobis" Washburn Law Journal 381 (1961).

6. In Thomas, the Court of Appeals for the District of Columbia in disregard of labels, treated a Section 2255 motion as "an application for relief in the nature of the common law writ of *coram nobis*" because the petitioner attempted to test the validity of consecutive sentences which he had not yet begun to serve. Under the theory of Morgan, he was not yet "in custody" under the sentences he sought to attack, and therefore Section 2255 was held to be not available.

tences yet to be served, as ruled in Thomas.

Except for those two factual situations in which it can not be said that the petitioner is in federal "custody" (and therefore entitled to invoke Section 2255), we hold that where a sentence is attacked on grounds outside the record under circumstances where the jurisdiction conferred by Section 2255 is available, we will not entertain a petition seeking to invoke common law jurisdiction for relief in the nature of *coram nobis*.

In Hayman v. United States, 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 232 (1952), the Supreme Court noted that Section 2255 had been passed to meet the "practical difficulties" in the administration of federal habeas corpus jurisdiction. That was but a gentle way of saying that the procedure under habeas corpus had become so complicated that few people, including particularly the friendless inmates in federal penal institutions, could avoid the procedural pitfalls that were inherent in the ancient system. Section 2255 was passed in recognition that there was real danger that the merits of particular post-sentence claims might never be reached unless a more simple and orderly procedure was established.

■■ Extension or exercise of *coram nobis* jurisdiction, except in the exceptional cases not covered by Section 2255, involving error "of the most funda-mental character." (as stated in Morgan, 346 U.S. loc. cit. 512, 74 S.Ct. loc. cit. 253), should not be made without express Congressional direction.[7] Both Congress and the Supreme Court have expressed the firm intent that review of the merits of all claims of federal prisoners be made less technical and less complicated. That purpose is served by giving the fullest possible effect to the jurisdiction conferred by Section 2255 and by considering that jurisdiction to be an exclusive jurisdiction.[8]

Petitioner's petition must therefore be and it has been treated as a motion filed pursuant to Section 2255. While this Court would have been entirely justified in refusing to consider the contentions of petitioner on the merits beause they were made in a "successive motion for similar relief in behalf of the same prisoner," within the meaning of the fifth paragraph of Section 2255, we have nevertheless considered and ruled petitioner's contentions on the merits for the same reasons stated by the Court of Appeals in its opinion on an earlier Section 2255 motion filed in this case.

It is, therefore, our specific holding that the files and records of this case conclusively show that the petitioner is entitled to no relief pursuant to Section 2255 and that his petition must therefore be dismissed.

It is so ordered.

---

7. And by the same token, it lies within Congress' exclusive power and not ours, to amend Section 2255 if it is desirable that the ancient writ of error *coram nobis* be relegated to limbo. All of the Justices of the Supreme Court in Morgan would seem to have been in agreement that if Section 2255 had provided (as it does not presently provide) that a federal prisoner, even though not in custody, was nevertheless entitled to invoke the jurisdiction conferred by that Section, that complete relegation would have been accomplished.

8. We recognize that the District Court in Burgett v. United States, (8th Cir. 1958) 253 F.2d 775, 776, apparently attempted to assume and exercise jurisdiction both under Section 2255 and under *coram nobis* and that the Court of Appeals assumed "for purpose of appeal that jurisdiction exists". We do not believe that Burgett is contrary to our specific holding that plaintiff's remedy in this case is solely under Section 2255. Story v. United States (8th Cir. 1962) 309 F.2d 483, on the other hand, holding that habeas corpus applications made before the enactment of Section 2255 should be considered as prior motions for "similar relief" within the meaning of that statute, is quite consistent with our construction of Section 2255 in this case.