**Ernest Eugene TAYLOR, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15255.**

United States Court of Appeals
Eighth Circuit.

Feb. 6, 1956.

**828**

Charles S. Scott, Topeka, Kan. (Elisha Scott and John J. Scott, Topeka, Kan., on the brief), for appellant.

Joseph L. Flynn, Asst. U. S. Atty., St. Joseph, Mo. (Edward L. Scheufler, U. S. Atty., Kansas City, Mo., on the brief), for appellee.

Before STONE, WOODROUGH and VOGEL, Circuit Judges.

STONE, Circuit Judge.

This is an appeal from an order denying a motion by appellant to set aside and vacate, 28 U.S.C. § 2255, a sentence for unlawful sale of narcotics under § 2554 (a), Title 26 U.S.C.

Appellant urges here three claimed errors, as follows:

1. Error in denial of hearing upon the alleged charge of use of perjured testimony of the Government.
2. Error in determining that appellant came within the purview of § 2554(a), 26 U.S.C.
3. Error in entering a second judgment.

As originally filed, the motion attempts to set forth the basis for each of the matters so claimed as erroneously determined by the trial court. On September 7, 1954, the trial court filed a "Memorandum and Order" on the motion. The effect of this was to deny the motion in so far as the second and third above issues were involved; to determine that the perjury issue was not sufficiently stated; and to give appellant fifteen days to file an amendment to his motion "with respect to the alleged use of perjured testimony at his trial"—lacking which, the entire motion "will be overruled." An amendment was filed. This was deemed insufficient by the court, who gave another extension of time. A second amended motion was filed. Regarding this last amendment as not sufficient, the court entered an order denying the motion. This appeal followed. The situation on this appeal is such that these three issues are clear-cut and can be separately understood and examined without further general description or explanation of the entire controversy.

1. *The Perjured Testimony Issue.*

The contention of appellant is that he "was entitled to be heard respecting the perjured testimony as alleged in his motions." The issue here is not whether perjured evidence was offered by the Government; but it is whether appellant failed so to plead the use of such

character of evidence as to entitle him to a hearing thereon. This situation necessitates examination of three matters: (a) Appellant's pleadings; (b) the action of the trial court thereon; and (c) the applicable law. Consideration of (a) and (b) together will result in a more understandable narrative of what occurred.

(a)(b) *Pleadings and Rulings Thereon.* There were two successive amendments of the motion. The original motion alleged:

"His conviction was influenced and predicated upon perjured testimony the same to be known or should have been known by the Prosecuting Attorney representing the Government of the United States, and that the same was known or should have been known that said witness or witnesses were going to present perjured testimony in an effort to convict this Defendant."

In a carefully prepared "Memorandum and Order" on the original motion, the court denied the two other pleaded grounds of the motion and—giving time to file an amendment—disposed of this "perjury" ground as follows. The court stated two reasons why the motion was not sufficient in that respect. The first is that appellant does not unequivocally charge actual knowledge on the part of the Government attorney but only that "the same to be known or should have been known", while positive knowledge and use of such character of evidence is necessary. The second is that:

"Unless defendant can allege that perjured testimony was knowingly, willfully and intentionally used against him, and supports said allegation by setting forth facts as to his knowledge thereof or evidence that he has thereon, his instant motion must be held to be insufficient to present any such charge to this Court."

Appellant then had amended the perjury part of his motion to read:

"His conviction was influenced and predicated upon perjured testi-

mony the same being willfully and intentionally used and with the knowledge of the prosecuting attorney and the United States agents of the Narcotic Bureau and that the defendant is able to produce evidence that will support the above allegations."

The thus amended motion was ruled not sufficient, in a careful memorandum, and further leave to amend given. The court therein stated:

"In ruling his previous motion with respect to an allegation of the use of perjured testimony at his trial, we directed the defendant to set 'forth facts as to his knowledge thereof or evidence that he has thereon'. Defendant has not complied with the mandate of this Court. By our previous order, we intended that defendant should set forth in his application to this Court the specific testimony that he charges to be perjurious, and such evidence as he has or expects to adduce that the Prosecuting Attorney and the United States agents of the Narcotic Bureau had knowledge that such evidence was perjurious at the time it was adduced before this Court."

Appellant filed a second amendment as follows:

"His conviction was influenced and predicated upon perjured testimony to wit:

"That Franklin Carter, who testified on behalf of the Government, stated in substance, under oath, that he was not a user of narcotics and that he did not smoke marijuana cigarettes, when in fact he was, prior to and during the trial, a user of narcotic and smoked marijuana cigarettes and further testified that he had at no time ever borrowed any money from the defendant; and further that he stated that the defendant approached him on the proposition of going to Chicago, when in fact, he at no time ever was approached by the defendant regarding a trip to Chicago to secure nar-

cotic drugs; and that he and the defendant never did have any arguments, which in fact, they have had arguments; and he further stated that he and the defendant were going to form a partnership regarding the traffic of narcotics, when in fact, no partnership was ever discussed with the defendant; and he further stated that he was never arrested by agent Hall for possession of narcotic and that he did not place narcotics in his brother's pocket so that he would not be accused, when in fact, he was arrested for possession of narcotic and he did place in his brother's pocket narcotics to avoid arrest.

"That the above was willfully and intentionally used and with the knowledge of the prosecuting attorney and the United States agents of the Narcotic Bureau for reason that they and each of them knew that the said Franklin Carter was a user of narcotic and smoked marijuana cigarettes, and the record of the United States Narcotic Bureau discloses that he was arrested for possession of narcotic.

"That the said Franklin Carter advised this defendant that the above testimony would be given and that the narcotic agent advised Franklin Carter that they were out to get the defendant, and that it was advisable that said Franklin Carter should state that he was not a user of narcotics.

"The defendant is able to produce evidence that will support the above allegations regarding perjured testimony of Franklin Carter, and that the record of said Franklin Carter, which was or should have been available to the narcotic agent and to the prosecuting attorney, which reflected a contrary report to that which he testified to."

In ruling this last amendment not sufficient, the Court filed a third careful memorandum as follows:

"In ruling previous motions filed by defendant, the Court directed that the defendant should set forth the specific testimony that he charges was perjurious and the evidence that he expected to adduce to the effect that the District Attorney and Agents of the Narcotics Bureau had knowledge that such evidence was perjurious, and induced and encouraged the introduction thereof at defendant's trial.

"The defendant in his instant motion sets forth certain testimony of the witness Franklin Carter which he charges was perjured. He does not set forth, as he was directed to do, the facts which establish knowledge of such alleged perjured testimony on the part of the prosecuting officials or any facts establishing that such officials aided or abetted the adduction of the same before the Court. The most that can be said from the instant application is that the Narcotics Agents had knowledge that Carter was a user of narcotics and a smoker of marihuana cigarettes. The defendant then alleges that:

" 'The defendant is able to produe evidence that will support the above allegations regarding perjured testimony of Franklin Carter, *which was or should have been available to the narcotic agent and to the prosecuting attorney, which reflected a contrary report to that which he testified to.*'

"Manifestly, the foregoing allegations are not in compliance with the previous order of this Court and are wholly insufficient to raise the issue that defendant's constitutional rights have been invaded by the prosecuting officials knowingly using perjured testimony to obtain a conviction of the defendant. As pointed out in previous memorandums of the Court, it is only perjured testimony knowingly used to secure a conviction that voids a judgment and sentence in a criminal case.

Perjured testimony, standing alone, is not sufficient to present any issue to this Court under Section 2255, Title 28, U.S.C. Before this Court will direct that a defendant be produced before the Court for a hearing under said section, where perjured testimony is made the premise of a motion filed thereunder, it must be made to affirmatively appear that there is substance to such a claim. This can only be done by setting forth the facts establishing knowledge on the part of the prosecuting officials that they knowingly encouraged the use of perjured testimony at a trial. The fact that there may have been available to such officials information which reflects facts contrary to those established as a part of the prosecution of a case, standing alone, is not sufficient. A further showing must be made that they deliberately and intentionally withheld such testimony from the Court, or otherwise affirmatively encouraged the production of perjured testimony. The instant application of the defendant makes no such showing and for that reason must be held to be insufficient. Tilghman v. Hunter [10 Cir.], 167 F.2d 661; Story v. Burford [10 Cir.], 178 F.2d 911; James v. United States [5 Cir.], 175 F.2d 769."

From the foregoing recital it is clear that the last amendment includes all that was alleged in the original motion and in the first amendment. Therefore, it is necessary for us to consider the sufficiency only of the last amendment.

A concise summary thereof is as follows: That the perjured testimony was that of Franklin Carter (a Government witness) who falsely swore that he was not a user of narcotics and of marijuana cigarettes; that he at no time borrowed money from defendant; that he had been approached by defendant to make a trip to Chicago to procure narcotics; that he and defendant never had any arguments; that he and defendant were going to form a partnership regarding traffic in narcotics; that he had never been arrested by agent Hall for possession of narcotics; that he did not place narcotics in his brother's pocket to avoid being himself accused.

As to the willful and intentional use of such evidence, the allegations are: That the Government attorney and the "agents of the Narcotic Bureau" each knew that Carter was a user of narcotics and marijuana, and the Bureau records disclosed that he was arrested for possession of narcotics; that Carter "advised this defendant [a] that the above testimony would be given and [b] that the narcotic agent advised Franklin Carter that they were out to get the defendant, and [c] that it was advisable that said Franklin Carter should state that he was not a user of narcotics." Also, that defendant is able to produce evidence that will support the above allegations regarding perjured testimony "of Carter, and that the record of Carter, which was or should have been available to" the agent and Government attorney, would reflect a report contrary to the testimony of Carter.

While these allegations state several matters alleged as falsely testified to by Carter,[1] the allegations as to knowledge and willful use of any of the claimed perjured testimony by the Government attorney and/or the narcotic agent are specific only as follows: That each knew Carter was a user of narcotics and marijuana; that the Narcotic Bureau "discloses" that Carter had been arrested for possession of narcotics; that the agent had advised Carter to state that he was not a user of narcotics; and that "the record" of Carter "which was or should have been available to the narcotic agent and to the prosecuting attorney" would have "reflected a contrary report to that which he testified to."

---

1. Carter a nonuser of narcotics and marijuana, borrowed money, trip to Chicago to get narcotics, no arguments, partnership in narcotics traffic, never arrested for possession of narcotics, and never placed narcotics in brother's pocket to avoid being accused.

Boiled down, these allegations amount to the following: Both the Government attorney and the narcotic agent knew Carter was a user of narcotics and marijuana; the agent had advised Carter to testify that he was not such a user; and that both the attorney and the agent were chargeable with the knowledge of Carter's record as shown in the Bureau. Are such allegations sufficient?

Also, this last amendment alleges that the appellant was "advised" that "the above testimony would be given and that the narcotic agent advised Franklin Carter that they were out to get the defendant, and that it was advisable that Franklin Carter should state that he was not a user of narcotics."

 (c) *Applicable Law.* Section 2255, Title 28 U.S.C. is a complemental remedy to habeas corpus and was intended to meet serious judicial administrative difficulties and situations which became urgent because of the very large increase of habeas corpus proceedings— many of which were patently frivolous.[2] It has no purpose "to impinge upon prisoners' rights of collateral attack upon their convictions."[3] A proceeding thereunder is a collateral attack upon the judgment of conviction and "can be maintained only upon grounds which would warrant the granting of a writ of habeas corpus."[4] This statutory remedy is in the nature of (but broader than) a writ of error coram nobis in that its purpose is to correct errors of the character set forth in the section which, it is presumed, would not have occurred at the trial had the situation been brought to the notice of the court in the first instance. However, such statutory proceeding is "an independent and collateral inquiry into the validity of the conviction." United States v. Hayman, supra, 342 U.S. at page 222, 72 S.Ct. at page 274. Because its purposes are, in a broad sense, analogous to habeas corpus, this remedy is a special civil rather than a criminal proceeding even though it attacks a criminal conviction.[5]

 Because the statutory proceeding is a collateral attack upon the judgment of conviction, the burden is on the petitioner to establish a basis for relief under some one or more of the grounds set forth in the section. At the threshold of his undertaking is the necessity of alleging facts which, if proven, would entitle him to relief. Such allegations must particularize definitely and be beyond mere conclusions.[6]

██ The basis of these amendments to this motion is the knowingly willful use of perjured testimony to secure this conviction. Such an issue requires two elements: (1) use of perjured testimony; and (2) knowledge by the prosecuting officials, at the time the testimony was used, that it was perjured. The latter element is a requisite because the fact that there may be false testimony does not alone and of itself vitiate a judgment. Ryles v. United States, 10 Cir., 198 F.2d 199, 200. As to identity of the false testimony, the amended motion alleges it was by the witness Carter and sets forth sufficiently the particular matters in his testimony alleged to be perjury. As to knowledge of the prosecuting officers, the amended motion alleges:

"That the above [testimony of Carter] was willfully and intentionally used and with the knowledge of

2. United States v. Hayman, 342 U.S. 205, 212–219, particularly footnote 25, at page 217, 72 S.Ct. 263, at page 271, 96 L.Ed. 232.

3. United States v. Hayman, note 2 supra, 342 U.S. at page 219, 72 S.Ct. at page 272.

4. Lipscomb v. United States, 8 Cir., 226 F.2d 812, 816.

5. United States v. Caufield, 7 Cir., 207 F.2d 278, 280; Bruno v. United States, 86 U.S.App.D.C. 118, 180 F.2d 393, 395; and see Crowe v. United States, 4 Cir., 175 F.2d 799, 801.

6. United States v. Pisciotta, 2 Cir., 199 F.2d 603, 606, 607; United States v. Sturm, 7 Cir., 180 F.2d 413, 414, certiorari denied 339 U.S. 986, 70 S.Ct. 1003, 94 L.Ed. 1388; and compare Quagon v. Biddle, Warden, 8 Cir., 5 F.2d 608, 609.

the prosecuting attorney and the United States agents of the Narcotic Bureau for reason that they and each of them knew that the said Franklin Carter was a user of narcotic and smoked marijuana cigarettes, and the record of the United States Narcotic Bureau discloses that he was arrested for possession of narcotics."

The just quoted allegation, in effect, contains two statements: first, that the officers "knew" that Carter was a user of narcotics and of marijuana; and, second, that the records of the Bureau showed his arrest for possession of narcotics. The first of these was properly ruled by the trial court as being insufficient as a conclusion. In this character of proceeding, which every court knows is subject to abuse and which has so often been flagrantly abused, the court has the right—if not indeed the duty—to be sure the movant has a substantial basis for his general conclusions. Otherwise, the prime purposes of this statutory remedy could and would be easily defeated. Further along in the motion, appellant states that he "is able to produce evidence that will support" his allegations. Then certainly, he should have little trouble in being so definite in his allegations that the court will know that he has a meritorious case, if he can prove them.

As to the records of the Bureau, these officials are not charged with knowledge thereof. Besides, the concern is not with implied knowledge—which has no place here—but with actual knowledge of the officers as to their use of perjured testimony.

Appellant argues that to compel him to plead with more particularity than he has done would require him to plead evidence. Rule 9(b) of the Rules of Civil Procedure, 28 U.S.C.A., requires "particularity" in averments as to "fraud". To procure a judgment by the known use of perjury is a fraud against the opposing party. Hence, the rule would require this appellant to set forth facts sufficient to inform the Government as to what he relies upon to establish this "fraud" against him.

This has not been done except as to one element. As to that, his motion avers that Carter "advised this defendant that the above testimony *would be given* and that the narcotic agent advised Franklin Carter that they were out to get the defendant, and that it was advisable that said Franklin Carter should state that he was not a user of narcotics" [italics added]. However, this situation does not aid appellant. The reasons it does not are that this motion "conclusively" shows that appellant had full information in advance that this now claimed perjured evidence "would be given at the trial"; that he could have brought out this situation during the trial, procuring the action of the trial judge and jury as to matters now urged; and, possibly, could have urged such in his motion for new trial. He did none of these. This statutory remedy and procedure cannot be used as a substitute for a motion for a new trial nor for an appeal.[7] Hence, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief", § 2255. To allow an accused person, with actual advance knowledge that perjured evidence was knowingly to be used by the prosecution, to remain silent as to that situation during the entire trial and after his conviction to attempt to set the judgment aside by collateral attack would seriously interfere with the proper orderly administration of criminal law. The accused is fully entitled to present, at his trial, all evidence in defense of which he has actual knowledge at that time. He cannot remain silent as to such thus hoping to gain an acquittal on the evidence actually presented and thereafter expect to have a second trial and chance for acquittal on evidence he has knowingly concealed at the time of trial.[8] He must

---

7. See extended note and numerous citations in 20 A.L.R.2d pages 987–988.

8. We have read the entire record (including all testimony and motion for

be deemed to have waived his rights because of such inaction. Even constitutional rights may be waived.[9]

### 2. *Issue as to § 2554(a), Title 26 U.S.C.*

■ Section 2554(a), Title 26 U.S.C. is the statute under which appellant was convicted. His contention is that appellant does not come within the section. The argument is that the pertinent part of § 2554(a) expressly provides that "It shall be unlawful for *any person* [italics added] to sell, barter, exchange, or give away any of the drugs mentioned in section 2550(a) except in pursuance of a written order" etc.; that the tax imposed by § 2550(a) is thereunder to be paid "by the importer, manufacturer, producer, or compounder"; that, therefore, the phrase "any person" refers to and makes unlawful sales, etc. made only by the specified classes of handlers subject to the tax.

Appellant cites various cases,[10] which he contends support this construction of the statute. Appellant's contention is defeated by the leading case of Nigro v. United States, 276 U.S. 332, 48 S.Ct. 388, 72 L.Ed. 600, and a long line of subsequent cases—among which are two in this Court.[11] This line of cases holds directly that this phrase "any person" includes all persons, whether required to register or not.

### 3. *Judgment Increasing Sentence.*

■ The situation to which this issue applies is as follows. The verdict found appellant guilty on each of eight counts of the indictment. On June 5, 1953, appellant was sentenced for one year and one day on each of the eight counts "to run consecutively making a total sentence of (8) years and (8) days." On June 9, 1953, the Court, on its own motion, set this sentence aside and entered a new sentence of two years upon each of the eight counts—on the first four counts to run consecutively and on the other four counts to run concurrently with the sentence on count one.

The contention of appellant is that, in the absence of any showing that the June 5 sentence was illegal, the second greater sentence amounted to double jeopardy. This contention is not well founded.

This situation is within Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which empowers the Court to "correct an illegal sentence at any time." No specific penalty is prescribed in § 2554, which is in the statutory subchapter with § 2557(b) (1), and which latter section provides that, where no specific penalty is specified in the subchapter, the penalty shall be a fine of not more than $2000.00 and imprisonment "not less than two or more than five years." The obvious reason for this resentencing was

---

new trial) of the trial resulting in the judgment now attacked. While defendant's then counsel (Mr. Minace) vigorously cross-examined Carter as to all matters of fact and defendant himself took the stand, there was nowhere the slightest hint that the Government attorney or the narcotic agents were knowingly presenting any false testimony —in so far as Carter's testimony was concerned, there was simply a direct conflict with that offered by defendant. In connection with the cross-examination of Carter as to whether he used narcotics or smoked marijuana—which he denied—the Court cautioned counsel that "Remember you are bound by his answers to all of these matters" to which counsel responded "Yes, sir."

9. De Jordan v. United States, 8 Cir., 187 F.2d 263, certiorari denied 341 U.S. 942, 71 S.Ct. 996, 95 L.Ed. 1368; Hart v. United States, 8 Cir., 178 F.2d 357, certiorari denied 339 U.S. 985, 70 S.Ct. 1005, 94 L.Ed. 1388; Donovan v. United States, 10 Cir., 205 F.2d 557.

10. United States v. Jin Fuey Moy, 241 U.S. 394, 36 S.Ct. 658, 60 L.Ed. 1061; Martin v. United States, 6 Cir., 20 F.2d 785; Lewis v. United States, 9 Cir., 295 F. 678, 679; also, United States v. Hymowitz, 2 Cir., 196 F.2d 819 and Walker v. United States, 9 Cir., 176 F.2d 796.

11. Stokes v. United States, 8 Cir., 39 F. 2d 440, 441; Bowdry v. United States, 8 Cir., 26 F.2d 791, 793. Also see Mitchell v. United States, 10 Cir., 143 F.2d 953, 956.

to correct the illegality of the first sentence.

A further provision of Rule 35 is that the Court "may reduce a sentence within 60 days after the sentence is imposed * * *." Here, the later sentence was a reduction, by eight days, of the first sentence.

*Conclusion.*

Counsel for both parties have ably presented the issues on this appeal. Finding no error in the actions of the trial Court herein, the order denying the motion is

Affirmed.