**Louis J. BURLESON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 13782.**

United States District Court
W. D. Missouri, W. D.

May 24, 1962.

Louis J. Burleson, petitioner, pro se.

Calvin K. Hamilton, Asst. U. S. Atty., for respondent.

JOHN W. OLIVER, District Judge.

This is a Section 2255, Title 28 U.S. C.A. proceeding.[1] Leave to proceed in *forma pauperis* is granted.

Petitioner's application for habeas corpus and his invocation of F.R. Crim.P., Rule 35, 18 U.S.C.A., must be laid to one side. The motion procedure provided in Section 2255 must be exhausted before an application for habeas corpus may be entertained. The last paragraph of that section expressly so provides. Nor may Rule 35 be invoked under the majority opinion in Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). See also concurring opinion in Heflin v. United States, 358

---

1. Petitioner first filed a document entitled a "Motion to vacate—set aside or modify sentence", together with an "Application for a writ of Habeas Corpus *ad testificadum*". After the United States Attorney filed suggestions in opposition, petitioner filed a "Motion to Amend the original petition and answer to the government's opposition". All documents were filed by petitioner in Case No. 21057 of this Court, the case in which petitioner was sentenced on plea of guilty for five years on each of five counts to run consecutively for a total of 25 years for violation of Title 18 U.S.C.A. § 500. All of the petitioner's pleadings have been considered together and broadly construed in accordance with the rule of decision most recently stated in Smith v. Settle, 302 F.2d 142, decided by the Eighth Circuit on April 16, 1962. This case was given a new court number, No. 13782, because a Section 2255 proceeding is "an independent civil suit", Heflin v. United States, 358 U.S. 415, 418, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). See also Taylor v. United States, 8 Cir., 282 F.2d 16, 23.

U.S. 415, at 422, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959).

An examination of petitioner's allegations and the files and records of the Court conclusively show that the petitioner is not entitled to any relief at this time. Nor is petitioner now entitled to any hearing.

Petitioner's original motion, in both form and substance, looks as though it may have been copied from some appellate brief in some other case.[2] At least a dozen Supreme Court cases and a like number of Courts of Appeals decisions are cited and discussed in petitioner's original motion.

Petitioner, under a "question presented" section of his original motion, alleged that "the judgment and sentence imposed (was) in violation of the statutory and constitutional laws of the United States" (page 1).

Under a section captioned "Argument", petitioner alleged in conclusory language that "the plea of guilty was not voluntarily given with (an) understanding of the nature of the charges" and that "petitioner's plea herein was other than voluntarily given, in fact, because not being properly advised and not knowing, petitioner had a valid defense to the charge laid in the information" (page 2). On page 3 it is alleged that "this Court must be mindful to the effect that the petitioner is illerate (sic), therefore he could not know the nature to what he is pleading to" and that "petitioner contends

with vigor, that he cannot read or understand the charge laid before him, accordingly the judgment and sentence is void for want of jurisdiction." And finally, petitioner's original motion alleged that "even a cursory look at the entire transcript in this case will show clearly that this court's inquiry was purely prefunctory (sic) and wholly inadequate, because petitioner had an adequate defense and further his constitutional rights had already been violated".

Petitioner's amending motion is most similar to his original motion. The conclusions alleged in the original motion are repeated in substantially the same language. A few more conclusory allegations are added. On page 1 of the amending motion, for example, it is stated: "Whether this prisoner was induced, put under threats of duress or promised and whether the plea was involuntarily (sic), can only be fully determined by the required hearing under 2255 of Title 28, U.S.C.A." On page 2, petitioner seeks to raise the question of whether Rule 20 is constitutional.[3] That question is not reached in this proceeding because jurisdiction of the case to which the motion is directed was not acquired under Rule 20.

Petitioner's amending motion also contains internal evidence that it may have been copied from a brief in another case. On page 3 it is stated that "the factual allegation contained in the Petitioner's Motion and Affidavit, and put in issue by the Affidavit filed with the Government's

---

2. The citation of Saldana v. United States, on page 4 as a "very recent case * * * S.Ct. No. 176, October Term, 1960" would suggest that the brief that petitioner may have used was written a year or so ago. Saldana was decided April 3, 1961, and is now reported in 365 U.S. 646, 81 S.Ct. 783, 5 L.Ed.2d 855.

3. Petitioner was sentenced on pleas of guilty in Cases No. 21,081 (5 years), 21082 (20 years), 21083 (5 years), 21084 (20 years), 21085 (20 years), 21086 (20 years), 21087 (5 years), 21088 (20 years), 21089 (5 years), and 21090 (5 years), at the same time he was sentenced in Case No. 21,057. All of those

sentences run concurrently with petitioner's sentence in No. 21,057. Nos. 21081 to 21086 were Rule 20 transfers from the United States District Court of Kansas, and involved indictments for offenses relating to banks and one post office in Coyle, Colwick, Oklahoma, and Walton, Benton, and Hamilton, Kansas. The remaining cases were Rule 20 transfers of informations, one from the United States District Court for the Eastern District of Oklahoma (No. 21087) and the others from the United States District Court for the Western District of Oklahoma for offenses relating to post offices and banks in Oktaha, Braman, and Redrock, Oklahoma.

Response, related primarily to purported occurrences in the court-room and outside the court-room * * * " Of course, no pleadings of that description were ever filed in this case. It is, therefore, apparent that the allegations repeated in the amended motion to the effect that "even a cursory look at the transcript in this case will show that the Court's duty to inquire was purely prefunctory (sic)", and to the effect that "the record in the instant case is devoid of any facts showing any compliance with Rule 11, 18 U.S. C.A., and for these reasons the prisoner is entitled to have his sentence vacated" must be read realistically. Indeed the Supreme Court has but recently stated that "the language of the statute (Section 2255) does not strip the district courts of all discretion to exercise their common sense". Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, **7** L.Ed.2d 473 (1962).

The files and records of this case show that defendant was arraigned on July 28, 1961 before Judge Ridge. He was represented by his employed counsel, Kenneth K. Simon, Esq., of the Kansas City, Missouri, Bar.[4]

The transcript of the proceedings of this Court under the dates of July 18, 1961 and August 11, 1961 shows that defendant's waiver of indictment was in accordance with Rule 7(b) as construed by the decisions. The transcript of the proceedings under date of September 8, 1961, before the late Judge Smith, reflects the Court's acceptance of pleas of guilty in all eleven of the separate cases, and its imposition of sentence in each case.

Those proceedings were in compliance with Rules 11 and 20 as construed by the decisions.[5]

Section 2255 was enacted for the purpose of correcting past abuses of then existing judicial procedure—not to create new ones. After a full review of its history, United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 232 (1952), held that Section 2255 "was passed at the instance of the Judicial Conference to meet practical difficulties that had arisen in administering the habeas corpus jurisdiction of the federal courts". That case emphasized that "the existence of power to produce the prisoner does not, of course, mean that he should be automatically produced in every Section 2255 proceeding. This is in accord with procedure in habeas corpus action". Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941), illustrates the problem of practice concerning habeas corpus, including that which had "grown up" (l. c. 284, 61 S.Ct. loc. cit. 578) in regard to the issuance of a show cause order which entitled the respondent to answer. Walker demonstrated that the approved show cause practice permitted the exhibition of "the facts on which the opposing parties rely" and contemplated the possibility that "the court may find that no issue of fact is involved" (l. c. 284, 61 S.Ct. loc. cit. 578). The Supreme Court noted that "in this way useless grant of the writ with consequent production of the prisoner and of witnesses may be avoided where from undisputed facts or from incontrovertible facts, *such as those recited in a court*

---

4. Mr. Simon was correctly described as "a competent attorney" in Richardson v. United States, 8 Cir., 217 F.2d 696 (1954). That appraisal was reaffirmed in Cain v. United States, 8 Cir., 271 F.2d 337, 339 (1959). This Court shares the expressed view of the Court of Appeals. Mr. Simon filed a motion to reduce sentence and a supporting brief on November 1, 1961. That motion and brief did not attempt to raise any of the questions mentioned in petitioner's present motion.

5. The transcript shows that a presentence report was presented to the Court before

the sentences were imposed. That report stated that petitioner served sentences in the Texas State Penitentiary and in the Kansas State Penitentiary, the latter on a plea of guilty. While Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337, makes clear that there is no constitutional prohibition against the use of presentence reports before sentence, this Court has not considered nor taken into account the information contained in that report as a part of "the files and records of the case" within the meaning of Section 2255.

*record,* it appears, as a matter of law, no cause for granting the writ exists" (emphasis ours). The correlative, of course, was that if the pleadings presented an issue of fact, the court was required "to issue the writ, have the petitioner produced, and hold a hearing at which evidence is received" (l. c. 285, 61 S.Ct. loc. cit. 579). The fact that a petitioner's "allegations are improbable or unbelievable" could not serve to "deny him an opportunity to support them by evidence" (l. c. 287, 61 S.Ct. loc. cit. 579).[6]

Early this year, the Supreme Court reiterated that "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined". Hill v. United States, 368 U.S. 424, 427, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

Section 2255 is the last section of Chapter 153 entitled Habeas Corpus of the United States Code. It is expressly provided in Rule 81(a) (2) that the Rules of Civil Procedure, with exceptions not here important, are not applicable to proceedings in habeas corpus. We think it clear from its history and its purpose that Section 2255 is a "proceeding in habeas corpus" within the meaning of Rule 81(a) (2), 28 U.S.C.A. Cf. Holiday v. Johnston, 313 U.S. 342, 353, 550, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941), and see United States ex rel. Goldsby v. Harpole, 5 Cir., 249 F.2d 417, 420 (1957) (certiorari denied 361 U.S. 850, 80 S.Ct. 109, 4 L.Ed. 2d 89).

If notice pleading as permitted by Rule 8 of the Rules of Civil Procedure could be said to be applicable to a Section 2255 motion it would be difficult to comprehend a case in which the court could "entertain and determine such motion without requiring the production of the prisoner". Such a situation is clearly contemplated by the fourth paragraph of Section 2255 and underlines the reason why the Rules of Civil Procedure were not made generally applicable to proceedings under that section.

■ And it is certain that the cases applying Section 2255 have proceeded on the assumption that detailed and specific allegations must be made in a motion filed to invoke the power and jurisdiction of the district court. In Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), for example, the majority opinion twice pointed out that "petitioner's motion and supporting affidavit set out detailed factual allegations" (l. c. 489, 82 S.Ct. loc. cit. 511) and that "the petitioner's motion and affidavit contain charges which are detailed and specific" (l. c. 495, 82 S.Ct. loc. cit. 514). Petitioner was entitled to a hearing in that case because it could not be said that "the specific and detailed factual assertions of the petitioner", while improbable, were in fact and in law "incredible". Under those sort of detailed and specific pleadings it is plain that "the function of 28 U.S.C., § 2255 can be served * * * only by affording the hearing which its provisions require" (l. c. 496, 82 S.Ct. loc. cit. 514).[7]

The rule of decision in the Eighth Circuit is clear and consistent. Judge Stone's opinion in Taylor v. United States, 229 F.2d 826 (1956), cert. denied

---

6. For an excellent discussion of the interrelation of habeas corpus and Section 2255 see "Limiting The Abuse of Habeas Corpus" by Judge John J. Parker, 8 F.R.D. 171, and Habeas Corpus—A Protean Writ and Remedy, by George F. Longsdorf, 8 F.R.D. 179.

7. United States v. Hayman, 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952),

held that "whether the prisoner should be produced depends upon the issues raised by the particular case". Issues, of course, are raised by the pleadings. Only by detailed and specific allegations which are controverted can it be made apparent whether there are "substantial issues of fact as to events in which the prisoner participated" so as to require a prisoner's production for a hearing.

351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500, held:

> "Because the statutory proceeding (pursuant to Section 2255) is a collateral attack upon the judgment of conviction, the burden is on the petitioner to establish a basis for relief under some one or more of the grounds set forth in the section. At the threshold of his undertaking is the necessity of alleging facts which, if proven, would entitle him to relief. Such allegations must particularize definitely and be beyond mere conclusions." (parenthesis ours)

That case cited with approval the rule of decision of the Second Circuit. In United States v. Pisciotta, 2nd Cir., 199 F.2d 603, Judge Swan, after discussing Hayman, noted that "in applying this sound precept the question arises how fully must the convict allege the facts upon which he relies in order to establish that the motion raises 'substantial issues of fact.'" That court then held that:

> "If it were sufficient to allege merely conclusionary statements, such as, 'I am innocent but was induced to plead guilty against my wishes,' one can readily imagine how many convicts without valid complaint against their sentences would obtain an excursion from a distant penitentiary at government expense. We think that the motion papers must contain more than merely conclusionary allegations of innocence and of a miscarriage of justice."

And specifically it was determined that "to raise the issue that his plea was not voluntarily and understandingly made but was the result of misconduct by his counsel, the appellant should have alleged the circumstances in which he instructed his counsel to inform the court of facts showing his innocence, and what those facts were".

Other recent cases decided by the Court of Appeals for the Eighth Circuit sustaining a district court's refusal to entertain a Section 2255 motion and its refusal to require the production of the petitioner are: Cain v. United States, 8 Cir., 271 F.2d 337 (1959); Trimier v. United States, 8 Cir., 295 F.2d 237 (1961); Verdon v. United States, 8 Cir., 296 F.2d 549 (1961); and Adkins v. United States, 8 Cir., 298 F.2d 842 (1962).

Of course, a motion under Section 2255 ought not, any more than should a petition for habeas corpus, "be scrutinized with technical nicety", Holiday v. Johnston, 313 U.S. 342, 350, 550, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941). But it is one thing to follow that rule and quite another to entertain a Section 2255 motion and require the production of the prisoner at a hearing when such a motion, given the broadest sort of construction, fails to allege specific and detailed facts, which, if true, would entitle the petitioner to relief. The latter practice, if adopted, would truly be "an invitation to prisoners * * * to swear to 'Munchausen' tales" (page 497 of dissenting opinion in Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L. Ed.2d 473 (1962). Title 18 U.S.C.A. § 1621 and 1622, relating to perjury and subornation of perjury, provide ample protection against the abuse of Section 2255. And it is apparent that opinions granting hearings in Section 2255 proceedings will not tend to invite spurious applications if violations of those sections are prosecuted.

Petitioner's motion papers considered together as a single pleading and given the broadest sort of construction, do not meet the minimum pleading requirements of a Section 2255 proceeding.

This Court in the past, in recognition of the fact that many Section 2255 motions are filed by prisoners without the assistance of lawyers, has permitted amendments to the original motion papers. In Taylor v. United States, 8 Cir., 229 F.2d 826 (1956), for example, this Court denied the petitioner's motion in regard to two of three grounds alleged but gave the petitioner fifteen days in which to file an amendment to the third count which would set forth facts rather than conclusions.

336

We believe such a practice enhances the fair administration of criminal justice in the courts of the United States. Petitioner will therefore be given fifteen days from the date of this order to amend his motion to the end that specific and detailed facts be set forth in connection with the conclusions which he has heretofore attempted to plead. Failure so to do will require the final denial of the motion. It is so ordered.