Louis J. BURLESON, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 13782-1.

United States District Court
W. D. Missouri, W. D.

Oct. 11, 1962.

———◆———

Richard W. Miller, Kansas City, Mo., for petitioner.

Calvin K. Hamilton, Asst. U. S. Dist. Atty., for respondent.

JOHN W. OLIVER, District Judge.

On May 24, 1962, by Memorandum and Opinion filed that day in this case, D.C., 205 F.Supp. 331, petitioner was given fifteen (15) days within which to amend his Section 2255 motion "to the end that specific and detailed facts be set forth in connection with the conclusions which he has heretofore attempted to plead". The Court stated at that time that "failure so to do will require the final denial of the motion."

On June 15, 1962, in its order appointing counsel, this Court noted that it had received another letter from the petitioner. It was determined by that order that petitioner's letter did not comply with either the letter or the spirit of our Order of May 24, 1962. In both orders we called attention to the protection against abuse of Section 2255 afforded by §§ 1621 and 1622, Title 18 United States Code, relating to perjury and subornation of perjury. In our Order of June 15, 1962, however, in order that petitioner's interests be fully protected, we appointed Richard W. Miller to represent him. We specifically instructed counsel to confer with petitioner, to check the accuracy of the charges to a degree sufficient to advise petitioner in regard thereto, and to assist petitioner in complying with the Order of May 24, 1962, should petitioner desire so to do. This Court's records show that counsel has diligently represented petitioner in the best tradition of the Bar.

Petitioner has not filed any amendment although a letter from petitioner to Mr. Miller was, at petitioner's request, "attached to (petitioner's) record * * in my file at the court house". That letter was not in any way an amendment to the original petition nor did it comply with our Order of May 24, 1962. Petitioner's basic complaint was there repeated to the effect that "I received more time than any of the defendants in this case". Petitioner also there expressed the desire that the judge have mercy on him and that all of the sentences be ordered to run concurrently, matters over which this Court has no power or jurisdiction.

The Court today received a letter dated October 9, 1962, signed by Mrs. Stella Burleson, who is described as petitioner's mother, which inquires when petitioner's motion would be heard and also requesting that this Court have mercy on her son and for it to consider a time cut.

■ This Court, under the law generally and specifically under Rule 35 of the Rules of Criminal Procedure, 18 U.S.C.A., does not have power to reduce petitioner's sentence. Neither does it have power to order the concurrent service of the sentences. The fact that petitioner and his mother think otherwise does not change the law.

■ In order to clear the record, the Court by this Order denies petitioner's motion for the reasons stated in its prior orders referred to herein and because of petitioner's specific failure to comply with the Memorandum and Order of May 24, 1962.

It is so ordered.