**Louis J. BURLESON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 13782-1.

United States District Court
W. D. Missouri, W. D.

Oct. 30, 1963.

Richard Miller, Kansas City, Mo., for plaintiff.

F. Russell Millin, U. S. Dist. Atty., Kansas City, Mo., for defendant.

JOHN W. OLIVER, District Judge.

Petitioner, slightly over a year after we denied his Section 2255 motion (see Burleson v. United States, W.D.Mo.1962, 205 F.Supp. 331 and 209 F.Supp. 464) has now filed a motion for leave to file a petition for writ of error coram nobis.

For the reasons fully stated in Burns v. United States, W.D.Mo.1962, 210 F. Supp. 528, at 530 to 532, we rule that we do not have jurisdiction to entertain such a petition. Consistent with the rule that "[a]n applicant for * * * relief ought not to be held to the niceties of lawyers' pleadings" (Sanders v. United States, 373 U.S. 1, at 22, 83 S.Ct. 1068, at 1080, 10 L.Ed.2d 148 (1963)), we treat petitioner's latest pleading as a second Section 2255 motion.

Such treatment of petitioner's present motion requires an application of the basic rules announced in Sanders v. United States, supra. We recognize that "[c]onventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged" (Sanders v. United States, supra, 373 U.S., at page 8, 83 S.Ct. at p. 1073, 10 L.Ed.2d 148). Accordingly, we proceed with the exercise of our judicial discretion to determine "whether the claim is substantial before granting a full evidentiary hearing" (Sanders v. United States, supra, 373 U.S. at page 21, 83 S.Ct. at page 1080, 10 L.Ed.2d 148).

The files and records in this case show that on May 24, 1962 we determined the following in regard to the petitioner's original motion which we considered as a motion filed pursuant to Section 2255:

"Petitioner's motion papers considered together as a single pleading and given the broadest sort of construction, do not meet the minimum pleading requirements of a Section 2255 proceeding.

"This Court in the past, in recognition of the fact that many Section 2255 motions are filed by prisoners without the assistance of lawyers, has permitted amendments to the original motion papers. In Ernest Taylor v. United States, 8 Cir., 229 F.2d 826 (1956), for example, this Court denied the petitioner's motion in regard to two of three grounds alleged but gave the petitioner fifteen days in which to file an amendment to the third count which would set forth facts rather than conclusions.

"We believe such a practice enhances the fair administration of criminal justice in the courts of the United States. Petitioner will therefore be given fifteen days from the date of this order to amend his motion to the end that specific and detailed facts be set forth in connection with the conclusions which he has heretofore attempted to plead. Failure so to do will require the final denial of the motion. IT IS SO ORDERED."

On June 15, 1962, after considering a letter from the petitioner dated June 5, 1962, we entered an order appointing counsel. That order was made in spite of the fact that we had determined that the petitioner's letter of June 5, 1962, did not comply with either the letter or the spirit of our order of May 24, 1962.

But said order was made for the following reason stated therein:

"In order that petitioner be afforded every reasonable protection and opportunity to comply with the Order of this Court, assuming that after advice of counsel he desires so to do, this Court now appoints Richard W. Miller, an able member of the Bar of this Court, to represent petitioner in connection with this matter.

"Mr. Miller, after conferring with petitioner, will be able to determine the exact nature of petitioner's complaint, to check the accuracy of those charges to a degree sufficient to advise petitioner in regard thereto, and to advise petitioner generally and specifically in regard to all matters of law concerning the further prosecution of this proceeding and of the applicability of related statutes of the United States thereto."

We note in passing that Sanders v. United States, supra, 373 U.S. at page 21, 83 S.Ct. at page 1080, 10 L.Ed.2d 148, decided subsequent to that order, wrote approvingly of such a practice.

The files and records of this Court show that Mr. Miller, court appointed counsel, diligently represented petitioner but that after consultation with counsel, petitioner decided he did not want to amend his motion in order that facts rather than vague conclusions be alleged and that he wanted only to have a letter dated August 8, 1962, attached to his file at the court house. That was done.

The substance of that letter and its request that the sentences be ordered to run concurrently are set forth in detail in our Memorandum and Order of October 11, 1962, denying petitioner's original Section 2255 motion for failure to comply with our Memorandum and Order of May 25, 1962.

Sanders v. United States, supra, 373 U.S. at page 19, 83 S.Ct. at page 1079, 10 L.Ed.2d 148, makes clear that we had power to deny a petition which stated "only bald legal conclusions with no supporting factual allegations". Sanders' approval of what was said in Machibroda v. United States, 368 U.S. 487 at 495, 82 S.Ct. 510 at 514, 7 L.Ed. 2d 473, confirms that Section 2255 does not strip a district court of all discretion

to exercise common sense. Common sense dictates that evidentiary hearings should not be granted unless and until a particular movant is willing to state affirmatively the factual basis upon which he seeks to base a claim for judicial relief.

Considering petitioner's pending motion in a posture entirely divorced from his prior motion, we find that no facts whatever are alleged upon which any evidentiary hearing could be held.

█ Typical of petitioner's allegations is that contained in paragraph 1 of his motion which reads as follows:

"1. That there were certain facts that were not called to the attention of the courts doing [sic] the plea. The petitioner has facts before and after the record."

We do not apply any doctrine of res judicata to petitioner's present motion. But we cannot ignore the fact that the files and records show that petitioner was represented by employed counsel at the time of arraignment on July 28, 1961; that he was represented by the same employed counsel at the time of plea on September 8, 1961; and that he was represented by court appointed counsel to aid and assist him in making any factual allegations in connection with his first Section 2255 motion.

We again, for the reasons stated in our Order of May 24, 1962, refuse to deny petitioner's present motion until giving petitioner a still additional fifteen (15) days in which to set forth specific and detailed facts upon which he would attempt to rely in support of his prayer for relief. For the convenience of the petitioner we direct that the Clerk forward to him the appropriate forms pursuant to Local Rule No. 22 of this Court, together with a copy of this Memorandum and Order. Failure to file an appropriate amendment within the time allowed will require the final denial of this motion.

The Clerk is also directed to forward a copy of this Memorandum and Order to Richard W. Miller, Esquire, who represented petitioner in connection with the

first motion. Mr. Miller is requested to respond to any written request made of him by petitioner but, under the circumstances, Mr. Miller is excused from initiating any additional contact with petitioner.

In order that the record be clear, petitioner's pending motion and this Order are ordered filed in Case No. 13782–1. Leave to proceed in *forma pauperis* for the purpose of said filing is hereby granted.

It is so ordered.