Louis J. BURLESON, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 13782–1.

United States District Court
W. D. Missouri, W. D.

July 16, 1964.

**538**

Richard W. Miller, Kansas City, Mo., for petitioner.

Bruce C. Houdek, Asst. U. S. Atty., Kansas City, Mo., for respondent.

JOHN W. OLIVER, District Judge.

This extended proceeding pursuant to Section 2255 is again in posture for the entry of another final order (for the history of petitioner's original sentence and for earlier orders entered by this Court, see Burleson v. United States, W. D.Mo.1962, 205 F.Supp. 331; Burleson v. United States, W.D.Mo.1962, 209 F. Supp. 464, and Burleson v. United States, W.D.Mo.1963, 222 F.Supp. 855).

Following our order of October 30, 1963 (reported in 222 F.Supp. 855, at page 857), petitioner filed additional briefs with the Clerk. After a conference with counsel for the Government and counsel for the petitioner, we entered an order that petitioner's deposition be taken at the United States Penitiary at Leavenworth, Kansas, where petitioner is presently incarcerated, and that his court appointed counsel, Richard W. Miller, Esquire, be present to advise him.

Petitioner's deposition was thereafter taken at Leavenworth Penitentiary. The following questions were asked petitioner by his court appointed counsel at the outset of the deposition and the following answers were given:

*"EXAMINATION BY MR. MIL-LER:*

"Q. Mr. Burleson, you and I talked this morning before the taking of this deposition, correct?

"A. Yes.

"Q. Do you understand that the purpose for taking this deposition is to obtain sufficient facts for the Court to rule on your pending motion?

"A. Yes, that's it.

"Q. Do you understand that you do not have to submit to the taking of this deposition?

"A. Well, at the present time I think I stand behind the Fifth Amendment, and just rather not say anything.

"Q. Do you mean you do not want the deposition to be taken?

"A. That's right, yes. And for the present time, I want for the jury to go about the brief he have and rather not have anything to do with this.

"Q. In other words, if I understand you, you want the Court to rule just on the facts that the Court has?

"A. The facts that they have, yes.

"Q. You do understand that the purpose for this, though, is that the Court feels that there are conclusions that you stated that are not really, that are not facts that warrant him to make findings in your favor. That is the purpose for the deposition, to clarify that.

"A. I see what you mean. But my brief, I have checked my brief over with my record and I know what, you know, the time that I was in jail. And that is why I am willing to stand behind the brief that he have and let it go ahead from there. If he deny me, he will deny me. If he grant me the thing, he will. But I want to let it be known that I will appeal in my case as soon as he decides what he is going to do. Let it be known that I am appealing it as soon as he decides.

"Q. If I understand you, then, any questions that the United States Attorney, Mr. Houdek, who is here presently would ask you, that you would stand on the Fifth Amendment?

"A. Fifth Amendment.

"Q. And you would not respond to the question?

"A. That's right."

In spite of petitioner's statement that he intended to refuse to answer any questions, he did in fact answer some questions asked by Mr. Houdek, the Assistant United States Attorney, who represented the Government.

Petitioner, however, made clear that he would not testify if he were brought to Kansas City for a hearing. The following questions and answers appear on page 13 of the deposition:

"EXAMINATION BY MR. MILLER:

"Q. Mr. Burleson, if the Court would choose to set this down for hearing, would you also, is it your inclination at this time also to stand on the Fifth Amendment in respect to any questions asked you at that time?

"A. That's right.

"Q. So if I understand your position correctly, you feel that you have made sufficient allegations in your motions and petitions to the Court, and that the Court has a sufficient basis to rule upon, upon which you present it?

"A. That's right.

"Q. Now, if you will recall prior to the taking of your deposition, you and I spent some time going over this. And at that time I advised you that the Court felt that there were not sufficient allegations made, in other words, a conclusion had been stated by you but there were no facts behind the conclusion. And that is the purpose of the taking of the deposition.

"A. That's right.

"Q. You understood that?

"A. Yes."

After the deposition was transcribed it was forwarded to the Warden at Leavenworth Penitentiary for delivery to the petitioner for his examination and signature.

Petitioner refused to sign the deposition. On the back of the letter of transmittal, petitioner certified and attested that "I have read the deposition, that I do not desire to sign my name to that deposition, that I stand on the Fifth Amendment to the Constitution, and I rely on the brief filed by me, and signed by me, under oath, in the above mentioned case."

Carl F. Zarter, the Administrative Assistant at Leavenworth Penitentiary, certified and attested that he had "personally handed [the deposition to the petitioner], that he observed him read the deposition * * * and that Burleson stated to me that he did not desire to sign his name to the deposition."

In order to be completely satisfied that a hearing would not supply any supporting factual allegations to petitioner's numerous briefs, as distinguished from bald legal conclusions stated therein, we requested counsel for the petitioner to again make inquiry of the petitioner as to whether or not he desired to have a court hearing. We are now in receipt of the following letter from petitioner's counsel, approved by petitioner:

"Dear Judge Oliver:

This letter will serve to confirm the position of petitioner in regard to the 2255 motion now pending before your Court.

As attorney for petitioner I have conferred personally with Mr. Burleson many times in this matter and we have exchanged correspondence many times. At the time of the taking of Mr. Burleson's deposition I fully advised him of his rights and of the fact that he did not have to give any testimony, but, if he did desire to testify, that he still had the right to refuse to answer questions put to him. After Mr. Burleson's deposition was taken, I again fully advised him of his rights in regard to signing the deposition, and

it was his voluntary decision not to sign the deposition. Mr. Burleson has advised me, and the deposition also shows, that he would refuse to testify further in Court if brought into Court.

Our position is as set forth in the last brief submitted by the undersigned on behalf of petitioner and we do not seek any Court appearance other than a review by the Court of Appeals if this Court should refuse to sustain the motion.

Very truly yours,
/S/ R. W. Miller
Richard W. Miller

RWM/lb

The undersigned has read the foregoing and asserts that this is a true statement of his position in this matter. Dated June 6–12, 1964.

/S/ Louis J. Burleson
Louis Burleson"

In our order of October 30, 1963, we stated the following:

"Sanders v. United States, supra, 373 U.S. [1] at page 19, 83 S.Ct. [1068] at page 1079, 10 L.Ed.2d 148, makes clear that we have power to deny a petition which stated 'only bald legal conclusions with no supporting factual allegations.' Sanders' approval of what was said in Machibroda v. United States, 368 U.S. 487 at 495, 82 S.Ct. 510 at 514, 7 L.Ed.2d 473, confirms that Section 2255 does not strip a district court of all discretion to exercise common sense. Common sense dictates that evidentiary hearings should not be granted unless and until a particular movant is willing to state affirmatively the factual basis upon which he seeks to base a claim for judicial relief."

We have again reviewed all of petitioner's conclusory allegations. Petitioner has demonstrated his unwillingness to state affirmatively a factual basis upon which he seeks to base a claim for judicial relief. We have no alternative other than to deny petitioner's pending motion for the reasons stated in our prior orders.

It is so ordered.