Louis J. **BURLESON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17759.

United States Court of Appeals Eighth Circuit.

Jan. 25, 1965.

---

Thomas I. Gill, Smith, Schwegler & Swartzman, Kansas City, Mo., for appellant.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and Calvin K. Hamilton and Bruce C. Houdek, Asst. U. S. Attys., for the United States.

Before VAN OOSTERHOUT, BLACK-MUN and MEHAFFY, Circuit Judges.

PER CURIAM.

Louis J. Burleson appeals in forma pauperis from an order denying his motion under 28 U.S.C. § 2255 to vacate his sentences. Burleson v. United States, 231 F.Supp. 537 (W.D.Mo.1964).

The chronology is interesting and important:

1. After the initial entry of a contrary plea, the appellant, on September 8, 1961, pleaded guilty to each count of a 5-count information filed in the Western District of Missouri charging him with violations of 18 U.S.C. § 500 (money order forgery, etc.) and § 641 (receipt of stolen money orders with intent to convert, etc.). The late Judge Smith imposed a five year sentence for each count. These were to run consecutively and thus made a total of 25 years. At the same time, Burleson also pleaded guilty to charges contained in ten other indictments and informations, relating to bank and post office offenses, which had been transferred, pursuant to Rule 20, F.R.Crim.P., from federal judicial districts in Kansas and Oklahoma. On these he received five and 20 year sentences to run concurrently with the others. A timely motion to reduce was denied. Through this point Burleson was represented by competent retained counsel.

2. Six months later, in March 1962, the appellant, on his own behalf, filed papers, thereafter amended, which attacked the validity of his sentences. He seemed primarily to question the jurisdiction of the court and the voluntariness of his plea, and he urged illiteracy and lack of understanding on his part. The district court held that the motion papers asserted only conclusions which, when "given the broadest sort of construction, do not meet the minimum pleading requirements of a Section 2255 proceeding". Burleson v. United States, 205 F. Supp. 331, 335 (W.D.Mo.1962). It granted appellant time to amend with specific and detailed factual allegation. It also appointed counsel to assist him.

3. No amendments were then forthcoming although letters from Burleson to the court and his counsel were placed in the file. In October 1962 the court formally denied the appellant's motion for the reasons stated in its earlier order and for failure to amend. Burleson v. United States, 209 F.Supp. 464 (W.D.Mo. 1962).

4. A year passed. In October 1963 appellant, on his own behalf, filed another motion which appears generally to allege undue delay between arrest and arraign-

ment, assault by the arresting and confining officers, and inadequacy of representation by counsel. The court treated this motion, as it had the first, as one under § 2255. Then, "Considering petitioner's pending motion in a posture entirely divorced from his prior motion", and relying largely on the Supreme Court's observation in Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), that a district court has the power to deny a § 2255 motion which states "only bald legal conclusions with no supporting factual allegations", it found that "no facts whatever are alleged upon which any evidentiary hearing could be held". But, again, formal denial of the motion was withheld and appellant was given more time in which to set forth "specific and detailed facts". Burleson v. United States, 222 F.Supp. 855, 857 (W.D.Mo.1963).

5. Burleson this time did respond. In an eleven page document, containing many generalities and much material (search and seizure, handwriting identification, and the like) which would have no legal significance in the face of self-conviction on a valid guilty plea, Lipscomb v. United States, 308 F.2d 420, 423 (8 Cir. 1962), cert. denied 371 U.S. 928, 83 S.Ct. 298, 9 L.Ed.2d 235, he nevertheless did state that (a) he "had been assaulted and coerced, with relentless questioning * * * which brought about his plea of guilty", (b) his "head and mouth was giving him so much misery, he could not eat or sleep"; (c) his attorney wrote him "to plead guilty, that I would only get five years, then I could get medical care"; (d) he was illegally detained "for 5 days or more before being taken before a committing magistrate"; (e) "he was called out night and day" and "was hurting so badly at mouth and head, he had nothing left but to plead guilty" which "was his only out for medical attention"; and (f) this, plus the assurance as to the five year sentence, was the reason for his change of plea from not guilty to guilty.

6. The court, on November 29, 1963, issued an unpublished memorandum-order in which it again concluded that, with one exception, the new averments did not comply with its previous orders that Burleson allege facts, as distinguished from conclusions, and that the exception consisted of the allegations as to illegal detention. The court made findings specifically adverse to the appellant on the detention issue. So far as the other allegations were concerned, the court once again allowed him further time to improve his pleadings.

7. Burleson filed another seven page document which seems to be directed to the claim of improper detention.

8. The court then conferred with both counsel. This resulted in the issuance of an order which, "in order to discover if any factual basis exists for the relief sought by petitioner and to expedite the conclusion of this action", directed the prompt taking of Burleson's deposition at the federal penitentiary at Leavenworth.

9. The deposition was taken on February 1, 1964. Present were Richard W. Miller, court-appointed defense counsel, and Bruce C. Houdek, Assistant United States Attorney. In response to preliminary inquiry by Mr. Miller, Burleson indicated that he would "stand behind the Fifth Amendment, and just rather not say anything" and that he wanted the court to rule on the facts it presently had and, if the ruling were adverse, he would then appeal. In response to questions by Mr. Houdek, Burleson identified himself and his sentences; acknowledged that he had written letters to court and counsel; stated that he had prepared his pleadings himself; asserted that his personally retained lawyer had made promises to him before he pleaded guilty; and said, "I am sick and I copped out for that", that he was beaten in jail by "the arresting officer, from the beginning of the arrest", that he told his original counsel he had been beaten but was advised not to say anything about it, that he was questioned day and night by "the Federal authorities", that he did not know the nature of the charge to which he pleaded guilty, and that he was sick and out of his head. But then, interspersed

with all this and with acquiescence and explanation by his counsel, he claimed the Fifth Amendment repeatedly in response to inquiries about any former criminal record, allegations made in his pleadings, threats against him, physical beatings, delay, government counsel's using perjury against him, and the like. He answered, "That's right", to the following question by Mr. Miller:

"Q. Mr. Burleson, if the Court would choose to set this down for hearing, would you also, is it your inclination at this time also to stand on the Fifth Amendment in respect to any questions asked you at that time?"

He also stated that he understood the purpose of the deposition and why the court wanted it. He refused to sign the deposition.

The brief filed for the appellant in the district court suggests that his refusal further to testify at the deposition was due to a fear of a perjury charge if he did "not substantiate factual allegations" made "under oath in the proceeding itself".

10. In view of all this and upon receipt of a letter from Mr. Miller that Burleson would not testify further if brought into court, the district court denied the § 2255 motion. 231 F.Supp. 537, 540. It is from this denial that the present appeal is taken.

The court below noted that the services rendered by Mr. Miller "have been in the highest tradition of the Bar" but that Burleson had asked that other counsel be named for the appeal. The district court permitted in forma pauperis procedure. We appointed new appellate counsel.

The appeal is not now concerned with any claim of illegal detention. This issue was decided against appellant on the merits by the district court's order of November 29, 1963. The appeal relates, instead, only to the question of the voluntary character of the plea.

■ We have the impression that, despite his assertion as to semi-illiteracy and a lack of some artfulness in his pleadings, Burleson is not so ignorant of basic rights and of legal procedure as he professes to be. We note the continuing patience which the district court has demonstrated and the obvious care of its several published and unpublished opinions, and we sympathize with the court's feeling of final frustration when, although given every opportunity so to do, the appellant continuously failed to come forth with anything very specific. We appreciate, too, that a recital of only general conclusions is not enough to force a hearing on a § 2255 motion and that allegations of substantial and specific facts are essential before a hearing to determine facts is required. Sanders v. United States, supra, p. 19 of 373 U.S., 83 S.Ct. 1068; Taylor v. United States, 229 F.2d 826, 832 (8 Cir. 1956), cert. denied 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500.

■ We need not consider whether, as the parties opposedly argue, Rule 8, F.R.Civ.P., is or is not applicable to a § 2255 proceeding. We do hold, however, that, despite much vagueness and lack of specificity in his motion papers, despite his having been given no less than three opportunities to amend and his doing very little about it, despite his being offered the help of competent counsel and his making small use of that proffered assistance, and despite his deposition refusals, Burleson's presently pending allegations of personal beatings and the withholding of medical attention prior to his plea, of retained counsel's awareness of this, of his then need for treatment, of relentless questioning, of assurance from his counsel that his sentence would be no more than five years, and of his making his plea of guilty in order to obtain needed medical attention promptly, are all allegations which bear upon the voluntariness of his plea. They constitute something more than mere general conclusions, and they are sufficiently detailed as to apprise the court of the basis of his claims. They entitle Burleson to a hearing on those

charges and an opportunity to prove them if he can.

 We also conclude that the court's ordering of the deposition at Leavenworth, the taking of that deposition there, the appellant's then refusal to answer many questions asked of him, and the representations that he would also refuse to say anything more before the court itself, do not, under the circumstances of this case, equate either with the hearing to which he is entitled or with a waiver of that hearing. Despite the inconvenience to the court and the probability that it may come to nothing more than a free ride from the penitentiary to Kansas City, we feel that appellant has the right to tell his story, if he still wishes so to do, in the presence of the district judge, with such assurances as to his rights, at that time and from the bench, as the court will feel necessary or advisable to give him and which the very presence of the court itself will afford. If he refuses now to accept this opportunity for a hearing or if he appears and refuses to prove his claims, he will have had his proper chance and he will be silenced as to these claims in the future.

Let Burleson understand—and we try to spell this out in words which he will not fail to understand—(1) that if he has a case for relief he must present it to the district judge and not hold it back; (2) that he can obtain no relief unless he proves to the court facts which made his plea of guilty meaningless, that is, unless he proves that his plea was not voluntarily made, Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); (3) that his proof must be presented to the district court and not to this one; (4) that he will get nowhere by remaining silent or claiming the Fifth Amendment; (5) that this is so because he is the one who is seeking relief, because he has the burden of proving his case, Skinner v. United States, 326 F.2d 594, 597 (8 Cir. 1964), and because he does not prove it by taking the Fifth; and (6) that if he chooses or is able to present nothing more than he did when he gave his deposition, it is un-likely, as his counsel then pointed out to him, that he will obtain any relief. Neither the appellant nor anyone else has a basic right to pester a court endlessly. Burleson perhaps has come close to abuse of the remedy afforded by § 2255. Fay v. Noia, 372 U.S. 391, 438–440, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Sanders v. United States, supra, p. 18 of 373 U.S., 83 S.Ct. 1068. The time has come for him to prove his case or to complete the serving of his sentences. He need have no fear of perjury when he tells the truth.

We express appreciation to both Richard W. Miller, court-appointed counsel for the petitioner in the proceedings in the district court, and to Thomas I. Gill, court-appointed counsel on the appeal, for assistance in this case. Their legal services have been of the highest caliber.

Reversed and remanded with instructions to afford appellant an opportunity for a hearing.