Shahen SANASSARIAN, Appellant,

v.

**STATE OF CALIFORNIA, Appellee.**

No. 25600.

United States Court of Appeals,
Ninth Circuit.

March 25, 1971.

John R. Murtha, Pleasant Hill, Cal.,
for appellant.

Evelle J. Younger, Atty. Gen., John T.
Murphy, Deputy Atty. Gen., Timothy A.
Reardon, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before BARNES, KOELSCH, and
WRIGHT, Circuit Judges.

PER CURIAM:

Shahen Sanassarian appeals from an order of the District Court denying his application for a writ of *habeas corpus* challenging the validity of his state court conviction for a violation of Cal. Pen.C. § 487 (grand theft) involving some $19,000.00 on the ground that he was deprived of a fair trial. The sole issue arises out of the fact that Sanassarian appeared to the trial judge to be testifying falsely when he referred to the existence of a check for $500 that the prosecution had not placed in evidence. After a hearing on the matter, the District Court ruled that Sanassarian was not deprived of a fair trial, since his counsel knew about the existence of the $500.00 check from the time of defendant's preliminary hearing, and had chosen as a matter of trial strategy not to introduce it at the trial to correct the impression that Sanassarian was testifying falsely.

On appeal, Sanassarian renews his contention that the state had the duty, in order to protect his right to a fair trial, to introduce the evidence after he appeared to be testifying falsely by referring to it. In other words, appellant claims the state had a duty to examine, evaluate, supervise and change the defense trial strategy.

This situation is analogous to the waiver held to exist where a defendant knows that a prosecution witness is testifying falsely, and makes no attempt to demonstrate that fact. See, e. g., Taylor v. United States, 229 F.2d 826 (8th Cir. 1956), cert. denied, 351 U.S. 986, 76 S. Ct. 1055, 100 L.Ed. 1500. This is not a case of suppression of evidence by the prosecution, when the defendant and his counsel are unaware of the existence of that evidence. This differentiates Napue v. Illinois, (1959) 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217, and similar cases. Both Sanassarian and his counsel

knew about the evidence Sanassarian was referring to and chose not to introduce it to rehabilitate the defendant after the trial judge questioned whether Sanassarian was testifying correctly. By this action, any claim of deprivation of a fair trial, based on the failure of the prosecution to introduce the evidence, was waived by their knowing silence.

The judgment of the District Court is Affirmed.